UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARILYN JOHNSON, individually and as Administrator of the Estate of NORMAN JOHNSON, deceased, <br><br> Plaintiff, <br><br> v. <br><br> COOK COUNTY SHERIFF, *et al.*, <br><br> Defendants. | Case No. 16-cv-144 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

On January 7, 2016, Plaintiff, Marilyn Johnson, individually and as the Administrator of the Estate of Norman Johnson, filed her First Amended Complaint against Defendant Olufemi Ajala and twenty-four other Defendants, alleging violations of the Civil Rights Act of 1871, 42 U.S.C. § 1983. Ajala has filed a Motion to Dismiss [51] claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. For the reasons discussed below, the Motion to Dismiss [51] is granted.

## BACKGROUND

The following facts are drawn from the First Amended Complaint ("FAC") filed by Plaintiff, Marilyn Johnson, and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Plaintiff is the administrator of the estate of Norman Johnson ("Johnson"). On January 3, 2014, Johnson was arrested and charged with the possession of a controlled substance. (FAC ¶ 12.) Johnson was admitted to the Cook County Jail; and, on January 5, 2014, he underwent a medical intake screening conducted by a team of medical professionals that

included Defendant Olufemi Ajala ("Ajala"). (*Id*. ¶ 15-16, 19, 21.) Ajala was an employee or an agent of Cermak Health Services or of Cook County. (*Id*. ¶ 11.)

During the intake medical screening process, Johnson provided his history of having been enrolled in a daily methadone treatment program for nine years, that his last dose of methadone had been administered two days previously, and that he was experiencing symptoms of methadone withdrawal. (*Id*. ¶ 20.) Plaintiff alleges that each of the members of the screening team, including Ajala, knew or should have known that without continuation of his methadone treatment regimen, Johnson was at high risk of cardiac arrest, respiratory depression and/or death due to the effects of abrupt methadone withdrawal. (*Id*. ¶ 22.) Plaintiff alleges that Ajala failed to provide Johnson with medication or treatment to avoid serious health risks caused by abrupt methadone withdrawal. (*Id*. ¶ 23.)

Johnson was assigned to housing in Division 2, Dorm 1 at the Cook County Jail, which houses inmates with special medical or other needs and provides constant visual surveillance by correctional officers. (*Id*. ¶ 26). On January 7, 2014, a Cook County Jail Officer found Johnson having a seizure, a faint pulse, and agonal respiration. (*Id*. ¶ 30.) After CPR was begun and emergency services notified, Johnson was taken by an ambulance and was pronounced dead on arrival at St. Anthony Hospital. (*Id*. ¶¶ 35, 36.) Johnson's autopsy determined that the cause of death was related to methadone toxicity. (*Id*. ¶ 36.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

## ANALYSIS

Count I of the FAC alleges that Ajala violated Plaintiff's Fourteenth Amendment rights for deliberate indifference to Johnson's medical condition.[1] (FAC ¶¶ 42-45.) Ajala has moved to dismiss Count I of the FAC on the basis that the FAC, as pleaded, does not plausibly show that Ajala caused Plaintiff's alleged injury through deliberate indifference.

"To establish deliberate indifference to a medical condition, a prisoner must show a condition that is sufficiently serious (objective component) and that an official acted with a sufficiently culpable state of mind in failing to address the condition (subjective component)." *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002); *see also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976); *Smith v. Coe*, 2016 WL 4540908, at *2 (S.D. Ill. Aug. 31, 2016). "[T]he standard for deliberate indifference is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Walker*, 293 F.3d at

---

[1] In the FAC, Count II (*Monell* claim against Cook County Sheriff), Count III (*Monell* claim against Cook County), and Count IV (supplemental state claim for indemnification by Cook County) are not brought against Ajala personally.

1037. Plaintiff, by claiming deliberate indifference, does not need to prove that the prison officials intended, hoped for, or desired the harm that occurred. *Id*. It is enough for Plaintiff to show that the Defendant actually knew of a substantial risk of harm to the prisoner and acted or failed to act in disregard of that risk. *Id*.

Ajala concedes that Plaintiff sufficiently alleged the objective element of deliberate indifference. (Def.'s Reply at 3.) With respect to the subjective element of the deliberate-indifference claim, however, Ajala argues that the FAC fails to state a claim for deliberate indifference.

As to the subjective component of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Smith*, 2016 WL 4540908, at *2-3 (citations omitted). In the case when an official reasonably responds to a risk, even if harm was not avoided, deliberate indifference does not exist. *Id*.

Here, Ajala is alleged to have been involved in Johnson's medical intake screening process. (FAC ¶¶ 21, 43). Thus, Plaintiff alleges, Ajala knew or should have known that Johnson was in serious need of medical care because Johnson notified the medical intake team of his condition and provided a history of having been enrolled in a daily methadone treatment. (*Id.* ¶¶ 20, 22, 43). Plaintiff seeks to impose liability on Ajala for his failure to deliver methadone to Johnson.

However, Plaintiff fails to allege that Ajala, who Defendant identified as a pharmacist,[2] had acted with a sufficiently culpable state of mind in failing to address Johnson's condition. In

---

[2] Defendant's Reply Brief identifies Ajala as a pharmacist. (Reply at pp. 5, 6.) In considering a Rule 12(b)(6) motion, courts may consider evidence incorporated by reference in the complaint. *See, e.g.*, *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

other words, Plaintiff failed to allege the requisite state of mind needed to demonstrate "deliberate indifference." Plaintiff does not provide any facts that indicate that Ajala refused to fill a prescription, disregarded a course of treatment, or actually caused a delay in dispensing medication. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369-70, 1374 (7th Cir. 1997); *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991) (defendant has to be personally aware of the serious risk of harm and deliberately imposed a risk); *Wolf-Lille v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (an affirmative link between the misconduct complained of and the official sued is necessary); *see also*, *Majors v. Baldwin,* 456 F. App'x 616, 617 (8th Cir. 2012) ("We . . . conclude . . . that [the inmate] did state a deliberate-indifference claim . . . by alleging that [the defendants] withheld prescribed pain medication and did not provide adequate post-operative treatment."); *Johnson v. Hay*, 931 F.2d 456, 462 (8th Cir. 1991) (concluding prisoner sufficiently stated a claim against a prison pharmacist for deliberate indifference, noting that the pharmacist "deliberately disregarded the very course of treatment prescribed by [the prisoner's] physicians"). While it is possible that Plaintiff may be able to state a claim against Ajala, she has failed to do so in the FAC. Accordingly, Ajala's Motion to Dismiss [51] is granted. However, Plaintiff may file an amended pleading as set forth below.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [51] is granted. Within 45 days from the date of this Order, Plaintiff may file an amended complaint, if she can do so pursuant to Rule 11.

Date:  10/27/16

JOHN W. DARRAH
United States District Court Judge

5