# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARILYN JOHNSON,
individually and as administrator for the
estate of Norman Johnson,

          Plaintiff,

    v.

COOK COUNTY SHERIFF THOMAS
DART, *et al.*,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)

No. 16-cv-144

Judge Robert W. Gettleman

Magistrate Judge Susan E. Cox

## MEMORANDUM OPINION AND ORDER

For the reasons discussed more fully below, Cook County Defendants' Motion for Protective Order [167] is granted. A status hearing is set for May 15, 2019 at 9:30 a.m. to set expert discovery schedules.

## BACKGROUND

This case involves the death of Norman Johnson in January 2014 while he was a pretrial detainee in Cook County jail; Mr. Johnson's wife, Marilyn Johnson ("Plaintiff") then brought the instant suit alleging civil rights violations against a number of individuals as well as Cook County Sheriff Thomas Dart and Cook County. Discovery has been ongoing for quite some time, as this suit was filed in January 2016. On October 16, 2018 this Court extended the fact discovery deadline to January 31, 2019, and stated that "[n]o further extensions will be granted." [Dkt. 147.] At a status hearing on January 8, 2019 the parties appeared before the Court, and the Court reiterated that the discovery cutoff would "not be extended for any reason" and warned the parties that any issues with discovery should be brought by the appropriate motion before the Court. [Dkt.

1

151.] It was clear to all involved that the Court was eager to keep the case on track and move on to expert discovery. On January 15, 2019, Plaintiff filed an unopposed motion for a discovery extension, due to Plaintiff's counsel's unforeseen medical emergency. [Dkt. 156.] According to the motion, counsel who suffered the medical issue had the most knowledge about certain upcoming depositions and would need additional time to recover and take those depositions. There were other reasons for the extension listed in the motion – namely, new counsel for some of the Defendants – but there was no indication that Defendants were unwilling or unable to go forward with the scheduled depositions within the discovery cutoff. Moreover, Plaintiff had co-counsel at the time who could have taken the depositions, and the Court would have been within its rights to enforce its discovery cutoff. However, given the gravity of the suit and the truly unforeseen and emergency nature of counsel's medical issue, the Court re-set the discovery deadline for April 30, 2019.

Although the Court's order does not explicitly reflect it, the Court was under the impression that all parties and counsel were aware that the reason for the extension was only to accommodate the medical emergency of counsel, particularly given the Court's two previous warnings that discovery would not be extended for any reason. Nonetheless, on March 25, 2019, Plaintiff served the following discovery on Defendants: 1) Plaintiff's Second set of Interrogatories to Defendant Kim Blackstone;[1] 2) Plaintiff's Second Set of Interrogatories to Defendant Sunita Williamson; 3) Plaintiff's Second Set of Requests to Admit on Defendant Sunita Williamson; and 4) Plaintiff's Second Request for Production of Documents to Cook County and Cook County Sheriff Thomas Dart. Defendants filed the instant motion seeking "a protective order striking Plaintiff's newly

---

[1] The discovery requests on Defendant Blackstone have been withdrawn following her presentation for deposition, and are not relevant to the instant motion.

propounded discovery to the Cook County Defendants." [Dkt 167.] That motion has now been fully briefed and is ripe for disposition.

## DISCUSSION

Federal Rule of Civil Procedure 26(c) allows the Court to enter a protective order to protect a party from undue burden, expense, or annoyance. The Court believes the discovery requests on Defendant Williamson would cause undue burden or expense, and that denying them would have little prejudicial effect on Plaintiff. Having reviewed the discovery requests and the briefs, it is clear to the Court that Plaintiff is simply attempting to belatedly develop a new theory of the case in the eleventh hour of discovery – i.e., that Defendants failed to properly treat Mr. Johnson's withdrawal from benzodiazepines, thereby contributing to his death. Counsel was aware of Mr. Johnson's dependence on benzodiazepines at the time of Defendant Williamson's deposition in October 2017, and had ample opportunity to question her about her treatment of Mr. Johnson vis-à-vis benzodiazepine withdrawal. Plaintiff's counsel is now seeking additional discovery responses from Defendant Williamson shortly before the close of fact discovery, which was only extended because of counsel's emergency medical condition in January 2019. The only excuse for counsel's delay is that he was "not aware of the possible role that concomitant benzodiazepine dependence had in worsening [Mr. Johnson's] methadone withdrawal syndrome" at the time of Defendant Williamson's deposition, and that he "would venture a guess that most lay Americans have no idea that benzodiazepine dependence is a far more lethal problem, particularly in the jail setting, than opiate dependence." [Dkt. 171 at 3.]

The Court sees two interrelated problems with this explanation. First, although Plaintiff's counsel may not have been aware of the dangerous interplay between benzodiazepines and opiates until March 2019, he certainly had a responsibility and ample opportunity to investigate that issue.

Mr. Johnson died in January 2014. This case was filed in January 2016. Defendant Williamson's deposition was taken in October 2017. Discovery was extended for the first time a year later in October 2018. Discovery was extended a final time in January 2019 with a cutoff of April 30, 2019. Plaintiff's counsel was well aware of Plaintiff's dependence on opiates and benzodiazepines from the onset of this suit, and had several years to ask the relatively basic question regarding the interplay of those two substances and failed to do so. Now, during an extension of discovery that was only begrudgingly granted by the Court to accommodate counsel's medical emergency and allow him to be present for scheduled deposition on which he was supposedly the subject matter expert, counsel seeks additional discovery on an issue that could have been fairly easily discovered in the early stages of the case. It is worth noting that had Plaintiff sought this discovery at the time of counsel's medical emergency in mid-January, less than three weeks before the discovery cutoff, the Court would have denied it as untimely.[2] Additionally, nothing occurred between then and now that would excuse Plaintiff's tardiness with these requests; it is not as if Plaintiff's dependence on benzodiazepines was discovered during one of the last depositions taken or was unknown to Plaintiff at the time of Defendant Williamson's deposition.

Second, counsel is *not* simply a lay American. Counsel is representing Plaintiff in a serious case involving the death of her husband while in the custody of Cook County. He has a solemn duty to ensure that he does the necessary legwork to uncover all of the possible causes for that death, including investigating whether benzodiazepine withdrawal may have caused or contributed to Mr. Johnson's death. The Court is not moved by what lay Americans may or may not know about the dangers of benzodiazepine withdrawal. The Court reasonably expects counsel

---

[2] Federal Rule of Civil Procedure 33(b)(2) gives parties 30 days to respond after being served with interrogatories. Counsel's medical emergency occurred on Friday January 11, 2019. [Dkt. 156 at ¶ 5.] The next available business day was Monday January 14, 2019. Therefore, at best, Defendants would have had between 17 and 20 days to respond to these discovery requests, which is less time than is contemplated under the rules.

representing Plaintiff in this case to educate himself on the issue beyond the understanding of an average person, and does not find his failure to do so a compelling reason for burdening a Defendant who has already made herself available for deposition 18 months ago.

Finally, the Court does not believe that denying this discovery will cause undue prejudice to the Plaintiff. Plaintiff will still have an opportunity to engage in expert discovery, and have an expert witness opine on how Mr. Johnson's benzodiazepine withdrawal may have contributed to his untimely death, and the appropriate care for a person suffering from such withdrawal. Plaintiff will also be able to question Defendant Williamson at trial on what, if any, actions she took relative to Mr. Johnson's benzodiazepine withdrawal while he was under Defendant Williamson's care. These opportunities to pursue this theory of the case will cure any prejudice that is caused by this ruling. In short, requiring Defendant Williamson to respond to this discovery at this late juncture based on Plaintiff's counsel's failure to adequately research or prepare for her deposition which took place approximately 18 months ago would cause her undue burden and expense, and the Court will grant Defendants' motion on this issue.

The Court also does not believe that Plaintiff's discovery requests on Cook County or Sheriff Dart are appropriate. Those requests primarily concern the Mortality Review of Mr. Johnson's death that was produced to Plaintiff – over Defendants' objection – in April 2018. Despite having had this crucial document for almost one year, "the light bulb [] went off that . . . the Mortality Review might actually be a road map to documents involving Norman Johnson's medical care at Cook County jail that Defendants might not have thought to look for or produce." (Dkt. 147 at 5.) Again, had that proverbial light bulb gone off at the time that counsel's medical issue caused the Court to extend the discovery deadline, the Court would have denied these requests as untimely. The Mortality Review was not a newly produced document that triggered

5

additional discovery. It was a known quantity, a subject of motion practice, and available for review for almost a year before counsel thought to seek documents related to its creation from Defendant. The Court believes that requiring Cook County or Sheriff Dart to respond to these requests would cause undue burden and annoyance, and the timing of said requests is based on little besides counsel's inability to consider the need for these documents during the year the Mortality Review was in Plaintiff's possession. Therefore, the Court also grants Defendants' motion on this issue.

## CONCLUSION

For the reasons discussed above, Cook County Defendants' Motion for Protective Order [167] is granted.


Date: 5/6/2019


_____
U.S. Magistrate Judge, Susan E. Cox