IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARILYN JOHNSON, individually and as Administrator of the Estate of NORMAN JOHNSON, deceased,<br><br>   Plaintiff,<br><br> v.<br><br>COOK COUNTY SHERRIF THOMAS DART, Lt. NAVARETTE, Officer LAKESHA PALOMINO, Officer WALTER LEWIS, Officer PERCY KIRKWOOD, COOK COUNTY, Nurse UVEEDA CADE, SUNITA B. WILLIAMSON, M.D., KIM BLACKSTONE, RN, MARKITHA BOLDEN, LPN, ANDREW J. CROWLEY, KENYA D. KEY, PSYD, VENTSISLAVA VALCHANKSI, and OLUFEMI AJALA,<br><br>   Defendants. | Case No. 16 C 144<br><br>Judge Robert W. Gettleman |

**<u>ORDER</u>**

  Plaintiff Marilyn Johnson, on behalf of the estate of Norman Johnson, brought a three count second amended complaint against twelve individuals and Cook County. Plaintiff brings one count of deliberate indifference against the individual defendants (Count I), and two separate <u>Monell</u> claims, the first against Cook County Sheriff Thomas Dart (Count II) and the second against Cook County (Count III). Plaintiff alleges that Norman Johnson died from an abrupt withdrawal of methadone and benzodiazepines while in custody at Cook County Jail. Defendants deny these allegations.

  Defendants moved to bar certain opinions of plaintiff's two experts, Dr. Peter Madill and Nurse Jacqueline Moore. Plaintiff also moved to bar certain opinions of defendants' experts, Dr.

1

David Mathis, Nurse Kim Pearson, and Nurse Maureen Nally. On December 18, 2020, the magistrate judge issued a Report and Recommendation on the parties' motions. (Doc. 238). Both parties object to the magistrate judge's ruling.

Defendants object to four of the recommendations: (1) Dr. Mathis be barred from offering cause of death opinions; (2) Dr. Mathis be barred from testifying that Norman Johnson obtained contraband methadone while in custody; (3) Nurse Moore be permitted to offer opinion on whether Dr. Williamson violated the standard of care for an emergency room physician; and (4) Nurse Nally be barred from offering opinions regarding the significance of Norman Johnson's pupil dilation. Plaintiff also objects to four of the recommendations: (1) Dr. Madill is not qualified to opine on the cause of death; (2) Dr. Madill is not qualified to opine that the medical examiner's report was wrong; (3) defendants' expert Dr. Mathis may testify about benzodiazepine treatment in 2014; and (4) Dr. Mathis is qualified to testify regarding Norman Johnson's heart condition.[1]

The court will set aside a magistrate judge's decision on "a pretrial matter not dispositive of a party's claim or defense" only if it is "clearly erroneous or…contrary to law." Fed. R. Civ. P. 72(a). None of the issues before the magistrate judge were dispositive, so the court reviews the decisions for clear error. Both plaintiff and defendants object to the magistrate judge's ruling on the same basic grounds upon which they previously argued. Plaintiff and defendants have failed to demonstrate that any of the rulings are clearly erroneous or contrary to law. The

---

[1] Plaintiff also objects "to the clearly erroneous finding that 'the EMT's arrived at approximately 10:16 a.m.'" Plaintiff argues that there is a factual dispute over the arrival of the EMT's and believes the magistrate judge incorrectly adopted the defendants' timeline. However, this statement in the Report and Recommendation was not a factual finding, but part of the brief recitation of the background facts. Plaintiff's objection is more appropriate at summary judgment.

magistrate judge appropriately weighed the experts' reports and testimony, and the court agrees with the Report and Recommendation in its entirety. Consequently, all objections are overruled, and the court adopts the Report and Recommendation.

**ENTER:**

*[signature]*
**Robert W. Gettleman**
**United States District Judge**

**DATE: February 18, 2021**